U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED - ALEXANDRIA

JUN 28 2007

ROBERT H. SHEMWELL, CLERK
BY _____
         DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| TONY B. GILLET | DOCKET NO. 07-CV-0551 |
| VERSUS | JUDGE TRIMBLE |
| RICHARD STALDER, ET AL. | MAGISTRATE JUDGE KIRK |

### REPORT AND RECOMMENDATION

Before the court is the pro se civil rights complaint (42 U.S.C. § 1983) of Plaintiff Tony B. Gillet, filed on March 22, 2007. Gillet is currently incarcerated at the David Wade Correctional Center, but his complaint involves factual allegations during the time he was incarcerated at J. Levy Dabadie Correctional Center ("JLDCC"). Plaintiff named as defendants Richard Stalder, Charles C. Foti, Kathleen Blanco, Warden Thompson, Warden McCain, Warden Deville, Rodney Slay, Jody Floyd, and "Esler Field Army National Guard Base." He asks that he, and all others affected, be paid minimum wages from June 14, 2005, through March 20, 2006, during which time he worked in and around the City of Alexandria.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court.

### FACTUAL BACKGROUND

Plaintiff alleges that:

* On or about June 14, 2005, he was transferred from Winn Correctional Center to J.L.D.C.C.

* On or about June 25, 2005, Plaintiff was assigned to work for the Alexandria sanitation department, but he only performed that job for three days.

* Plaintiff was switched to a "grounds crew" job assignment, where he and other

  inmates had to keep up with the grounds at an air base in Alexandria.

\*   Plaintiff earned four or five cents "incentive pay" for approximately nine months.

\*   On March 20, 2006, Plaintiff was transferred to Wade Correctional Center.

\*   Plaintiff claims that he was entitled to minimum wage payment for his work.

\*   Plaintiff seeks payment of "unpaid wages" on behalf of himself and all other affected inmates.

## LAW & ANALYSIS

1. **Frivolity Review**

When a prisoner seeks redress from a governmental entity or from an officer or employee of a governmental entity, the court is obliged to evaluate the complaint and dismiss it without service of process, if it is frivolous,[1] malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C.1915A; 28 U.S.C.1915(e)(2); Ali v. Higgs, 892 F.2d 438, 440 (5th Cir.1990). The same standards will support dismissal of a suit brought under any federal law by a prisoner confined in any jail, prison, or other correctional facility, where such suit concerns prison conditions. 42 U.S.C.1997e(c)(1).

A hearing need not be conducted for every *pro se* complaint. See Wilson v. Barrientos, 926 F.2d 480, 483, n. 4 (5th Cir. 1991). A district court should be able to dismiss as frivolous a significant number of prisoner suits on the complaint alone. See Green v. McKaskle, 788 F.2d 1116, 1120 (5th Cir. 1986). District courts must construe *in forma pauperis* complaints liberally, particularly in the context of dismissals under § 1915(e)(2)(B), but are given broad discretion in determining when such complaints are frivolous. See Macias v. Raul A. (Unknown) Badge No. 153,

---

[1] A claim is frivolous if it lacks an arguable basis in law or in fact. See Booker v. Koonce, 2 F.3d 114, 115 (5th Cir. 1993); Denton v. Hernandez, 504 U.S. 25 (1992).

2

23 F.3d 94, 97 (5th Cir. 1994).

A civil rights plaintiff must support his claim(s) with specific facts demonstrating a constitutional deprivation and may not simply rely on conclusory allegations. See Schultea v. Wood, 47 F.3d 1427, 1433 (5th Cir.1995). Nevertheless, a district court is bound by the allegations in a plaintiff's complaint and is "not free to speculate that the plaintiff 'might' be able to state a claim if given yet another opportunity to add more facts to the complaint." Macias at 97.

2. **Wages**

Plaintiff claims that he is entitled to minimum wage for the work he performed from June 14, 2005 through March 20, 2006 while in the custody of the Louisiana Department of Public Safety and Corrections. Because Gillet was sentenced to the DOC, his sentence was necessarily at hard labor.[2] Because Plaintiff is a "hard time" inmate, and his labor "belongs to the institution," it "can be disposed of legitimately within the discretion of the correction facility or agency." Watson v. Graves, 909 F.2d 1549, 1555 (5th Cir. 1990)(citations omitted). Moreover, compelling an inmate to work without pay does not violate the Constitution, even if the inmate is not specifically sentenced to hard labor. See Ali v. Johnson, 259 F.3d 317, 318 (5th Cir. 2001); Murray v. Miss. Dep't of Corr., 911 F.2d 1167, 1167 (5th Cir. 1990).

The State maintains discretion to determine whether and under what circumstances inmates will be paid for their labor. Wendt v. Lynaugh, 841 F.2d 619, 621 (5th Cir. 1988). In this instance,

---

[2] In accordance with Louisiana Revised Statutes 15:824(C), "only individuals actually sentenced to death or confinement at hard labor shall be committed to the Department of Corrections." Rochon v. Blackburn, 727 So. 2d 602, 604 (La. Ct. App. 1998); State v. Lisenby, 534 So. 2d 996, 998 (La.App. 3 Cir. 1988).

Plaintiff was provided minimal incentive pay. However, Plaintiff is not entitled to minimum wage, and he is not covered by the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201, et seq. A state prisoner does not have a federally protected right not to work while imprisoned after his conviction. See Plaisance v. Phelps, 845 F.2d 107, 108 (5th Cir. 1988). Nor does an inmate have an inherent constitutional right to be compensated for his labor. See Estes v. Johnson, 2001 U.S. Dist. LEXIS 14814 (D. Tex. 2001), citing Wendt v. Lynaugh, 841 F.2d 619, 621 (5th Cir. 1988).

Plaintiff cannot show that he was deprived of a right or interest secured by the Constitution and laws of the United States. See Doe v. Rains County Ind. Sch. Dist., 66 F.3d 1402, 1406 (5th Cir. 1995). Therefore,

**IT IS RECOMMENDED** that Plaintiff's §1983 complaint be **DENIED AND DISMISSED** as frivolous and failing to state a claim for which relief can be granted under 42 U.S.C. §1997e(e) and 28 U.S.C. §1915.

Under the provisions of 28 U.S.C. Section 636(b)(1)(c) and Rule 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within ten (10) days after being served with a copy of any objections or response to the District judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See, Douglass v. United Services**

Automobile Association, 79 F.3d 1415 (5th Cir. 1996).

THUS DONE AND SIGNED in Chambers at Alexandria, Louisiana, this ____ day of _____, 2007.

_____
JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE